IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Michael Isaiah Anderson, Jr.,     ) | C/A No. 4:23-cv-04042-HMH-KFM |
|        ) | |
|     Plaintiff,    ) | |
|     ) | **REPORT OF MAGISTRATE JUDGE** |
|    vs.      ) | |
|     ) | |
| Loy Hayes, Karen Parrot, Scott Floyd,  ) | |
| Thomas McKenzie, J. Ryan White,   ) | |
|     ) | |
|     Defendants.  ) | |
|     ) | |

This matter is before the court on the plaintiff's motion for a preliminary injunction and for a temporary restraining order ("TRO") (doc. 15). The plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on August 15, 2023 (doc. 1). By order filed November 14, 2023, the plaintiff was informed that his complaint was subject to summary dismissal because it failed to state a claim upon which relief may be granted, and that he could attempt to cure the defects identified in his complaint by filing an amended complaint within 14 days (doc. 12). On November 15, 2023, the plaintiff filed a motion seeking entry of a preliminary injunction and a TRO (doc. 15). As addressed below, the undersigned recommends it be denied.

In his motion, the plaintiff has repeated the allegations set forth in his complaint (relating to his pending criminal charges in the Florence County General Sessions Court) and alleges that he is subject to unspecified unconstitutional conditions of

confinement, seeking to enjoin the defendants (and people he asserts are working in concert with the defendants) from exposing him to harsh conditions of confinement including harassment and inadequate food (doc. 15).

A plaintiff seeking a preliminary injunction or a TRO must establish all four of the following elements:  (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds by* 559 U.S. 1089 (2010), *reinstated in relevant part on remand by* 607 F.3d 355 (4th Cir. 2010).  A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim.  *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46.  Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief.  *Winter*, 555 U.S. at 20–23; *Real Truth*, 575 F.3d at 347.  Only then may the court consider whether the balance of equities tips in the plaintiff's favor.  *See Real Truth*, 575 F.3d at 346–47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction.  *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 24).

First, it is unclear what immediate harm the plaintiff asserts as supporting his requirement for a TRO – as his motion does not allege any specific immediate harm (*see* doc. 15).  Nevertheless, the plaintiff's request for a TRO fails because he has not shown that he is likely to succeed on the merits of his claims.  For example, with respect to the claims contained in the plaintiff's complaint, by order filed November 14, 2023, the plaintiff was informed that his complaint was subject to summary dismissal as presented (doc. 12). Further, as noted in the court's order dated November 14, 2023, the court should abstain under *Younger* from interfering in the plaintiff's pending criminal charges (*id*. at 4–5), defendant Sol. White has prosecutorial immunity (*id*. at 6), defendants Ms. Parrot, Mr.

Floyd, and Mr. McKenzie are not state actors for purposes of § 1983 (*id*. at 6–7), and the plaintiff has not alleged a Fourth Amendment claim (*id*. at 7–8).  Lastly, to the extent the plaintiff's motion seeks an order requiring Detention Center employees to provide him better conditions of confinement – claims which are not presented in this action – the plaintiff seeks relief this court cannot grant because "federal courts do not sit to supervise state prisons."  *See Meachum v. Fano*, 427 U.S. 215, 228–29 (1976).  As such, the undersigned recommends denying the plaintiff's motion.

## RECOMMENDATION

Based upon the foregoing, the plaintiff's motion for a temporary restraining order (doc. 15) should be denied.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

November 16, 2023
Greenville, South Carolina

**The attention of the parties is directed to the important notice on the next page.**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).